RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

RICHARD V. LEBLANC                    CIVIL ACTION NO. 09-0343

VERSUS                                JUDGE MELANÇON

UNITED STATES OF AMERICA AND          MAGISTRATE JUDGE HILL
VETERANS ADMINISTRATION

## MEMORANDUM RULING

Before the Court are defendant's Motion to Transfer Venue and Memorandum in Support thereof [Rec. Doc. 6], and plaintiff's Memorandum in Opposition to defendants' Motion [Rec. Doc. 8]. The Court is also in receipt of the additional medical information from plaintiff's counsel required by the Court's July 9, 2009 Order [Rec. Doc. 9]. For the reasons that follow, defendant's Motion [Rec. Doc. 6-1] will be **DENIED**.

## I. BACKGROUND

On July 3, 2007, Richard V. Leblanc ("plaintiff") underwent a gastroesophageal reflux with a type 3 hiatal hernia repair, performed by surgeon L. Ochoa, M.D. and two of his assistants, at the Michael E. DeBakey V.A. Medical Center in Houston, Texas. *Complaint* [Rec. Doc. 1]. According to defendant's Memorandum of Law in Support of its Motion, the hernia repair was scheduled to be done laproscopically with a recovery period of approximately three to four days. Though the plaintiff's recovery initially appeared to be proceeding as planned, he began to experience complications two days after the

surgery on July 5, 2007. These complications included hallucinations, increased temperature, and respiratory difficulties. In order to determine the cause of the decline in the plaintiff's condition, an exploratory laporotomy was performed on the same date. The laporotomy revealed that several stitches were placed in the plaintiff's pancreas during the hiatal hernia procedure which resulted in pancreatitis [Rec. Doc. 1]. The Complaint further alleges that Dr. Ochoa informed the plaintiff's son, Dennis LeBlanc, that she accidentally placed the stitches in the plaintiff's pancreas, and this is what caused the deterioration in his condition. The plaintiff remained hospitalized at the V.A. medical center in Houston for three more months until he was eventually transferred on or about October 7, 2007, to Our Lady of Lourdes Hospital in Lafayette, Louisiana where he remained hospitalized for approximately two to three weeks.

On March 3 2009, the plaintiff filed a medical malpractice complaint in the Lafayette-Opelousas Division of the Western District of Louisiana, alleging that the defendant ("United States") is liable to him for damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, as a result of the July 3, 2007 surgery. The plaintiff is specifically alleging that the sole cause of his damages were the stitches that were accidentally placed in his pancreas by Dr. Ochoa.

Venue is proper in this district due to the plaintiff's residence in Lafayette Parish. Despite venue being proper here, the United States has filed a Motion to Transfer Venue to the Southern District of Texas based upon the conveniences

of the witnesses pursuant to 28 U.S.C. § 1404(a). The plaintiff opposes this motion.

## II. DISCUSSION

### A. Standard for Change of Venue under 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This language is permissive rather than mandatory, and, accordingly, a transfer pursuant to this section is within the court's sound discretion. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). Before a court may exercise this discretion, however, it must resolve the threshold issue of whether a plaintiff's claims could have been properly brought in the judicial district to which the transfer is sought. *In Re Volkswagen*, A.G., 371 F.3d 201, 203 (5th Cir. 2003) [hereinafter *In Re Volkswagen*] (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)).

If the motion survives this threshold determination, the movant then bears the burden of demonstrating that a transfer of venue is warranted. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); and *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To determine the appropriateness of a transfer, a court must consider the "convenience of the parties and witnesses," and should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the non-moving party." *Spiegelberg v. Collegiate Licensing Co.*,

402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (*quoting Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F.Supp.2d 766, 776 (S.D. Tex. 2005); *See Also In Re Volkswagen of America, Inc.*, 506 F.3d 376, 384 (5th Cir. 2007), *en banc rehearing granted*, 517 F.3d 785 (5th Cir. 2008) [*hereinafter In Re Volkswagen II*] (stating that "[w]hen the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed").

Resolving the question of convenience involves a consideration of certain enumerated private and public interest factors. *In Re Volkswagen I*, 371 F.3d at 203. The relevant private factors are (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of compulsory process; (5) the relative ease of access to sources of proof; (6) the possibility of delay and prejudice if transfer is granted; and (7) any other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id.* (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). The public interest factors are (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* A court must balance these factors to determine whether the movant has shown "good cause" for the transfer and that the transferee forum is "clearly" more convenient than the chosen forum. *In Re Volkswagen II*, 506 F.3d at 384. Though no single factor is given dispositive weight, the convenience of

witnesses and parties has been recognized to carry more weight than the other factors. *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994).

## B. Appropriateness of Venue in the Transferee Forum

The plaintiff is asserting a tort claim against the United States pursuant to 28 U.S.C. § 1346(b). This section requires the plaintiff to point to an actionable tort duty recognized under the law of the state where the act or omission allegedly occurred. Proper venue for tort cases in which the United States is named as a defendant is governed by 28 U.S.C. § 1402(b). That section provides that "any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The plaintiff resides in Lafayette Parish, Louisiana, located in the Western District of Louisiana, and the alleged act of medical malpractice occurred in Houston, Texas, located in the Southern District of Texas. Therefore, venue would be proper in either the Western District of Louisiana or the Southern District of Texas.

## C. Application of the Private Interest Factors

*1. Plaintiff's Choice of Forum*

While a plaintiff's choice of forum is generally entitled to some deference, it is "neither conclusive nor determinative." *In re Horseshoe Entm't*, 305 F.3d at 359. Close scrutiny of plaintiff's choice of forum is warranted when the plaintiff

does not reside in the selected district or when most of the operative facts occurred outside the chosen forum. *See Piper Aircraft*, 454 U.S. at 255-56; *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, 2003 WL 21251684 (N.D. Tex. 2003); and *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 529 (S.D. Tex. 2001). Here, the plaintiff obviously chose this forum because it would be more convenient for him to litigate the claim near his place of residence in Lafayette Parish. In opposition to defendant's motion, plaintiff alleges that it would be "an extreme hardship on [his] physical and mental health to be required to travel to Texas to litigate this matter" due to his elderly age and ongoing recovery. This assertion is supported by the supplemental medical records provided to the Court pursuant to the Court's July 9, 2009 Order [Rec. Doc. 9]. Though the operative facts of this controversy occurred in the Southern District of Texas, the plaintiff is legally entitled to litigate this matter in this forum pursuant to 28 U.S.C. § 1402(b). Accordingly, the plaintiff's choice of forum in this particular case weighs heavily against transfer.

2. *Convenience of the Parties and Material Witnesses*

"The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." *Spiegelberg*, 402 F.Supp.2d at 790 (*emphasis added*). Evaluation of the convenience of the witnesses is not merely a battle of numbers, but should consider the content and quality, rather than sheer quantity, of the testimony. *See* 15 Wright, Miller, and Cooper, Fed. Prac. & Proc. § 3851 (1976). Indeed, "the convenience of one key witness may outweigh the

convenience of numerous less important witnesses." *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993). The movant, however, may not simply state that key witnesses are inconveniently located. Rather, the movant must identify the key witnesses and outline the substance of their testimony. *Id.*

Here, the United States intends to call as witnesses Dr. Ochoa and Dr. Awad, the surgeon and first assistant surgeon, respectively, who performed the hernia repair procedure on the plaintiff on July 3, 2007 at the V.A. Medical Center in Houston. According to defendant's memorandum of law in support of its motion, the United States "anticipates that other relevant health care providers and administrators, both current and former employees of the V.A. Medical Center, will be discovered in this matter," but does not provide their names. The United States contends that it would be more difficult to obtain the attendance of their witnesses at trial in Lafayette due to the nature of their employment and schedules at the V.A. Medical Center.

In response, the plaintiff argues that he has multiple witnesses, mostly residing in Lafayette Parish, who will be inconvenienced if forced to travel to Houston to attend trial. The plaintiff names as witnesses the following medical providers located in Lafayette: Dr. Kenneth Spillers, his post-operative treating physician; Dr. Howard Blevins, his clinical psychologist; and Dr. Stephen Delatte, the surgeon who performed the debridgement of his abdominal wound. Additionally, the plaintiff intends to call other witnesses who will testify as to his post-operative recovery: Patrice Wynn, his former girlfriend; Bill LeBlanc, his son;

and Dennis LeBlanc, his son and a critical witness residing in north Alabama. The plaintiff also states that he will be significantly inconvenienced by having to litigate this matter in Houston because he is 77 years old and is still recovering from his injuries.

The essential witnesses in this case are Drs. Ochoa and Awad located in Houston for the government and Drs. Spiller, Blevins, and Delatte located in Lafayette for the plaintiff. There is no doubt that plaintiff and his witnesses will be inconvenienced to some degree if this case is transferred; however, the witnesses to be called by the United States will be similarly inconvenienced if the case is not transferred. Each medical witness will be highly inconvenienced if forced to attend trial in a judicial district outside of their practice area as their profession demands close proximity to their place of work. Thus, under the alleged facts and circumstances of this case, this factor is neutral.

### 3. Place of Alleged Wrong

Courts have found that "the place of the alleged wrong is an important factor in determining whether to transfer a case." *Bevil v. Smit Americas, Inc.*, 883 F.Supp. 168, 171 (S.D. Tex. 1995); *See Spiegelberg*, 402 F.Supp.2d at 791; *See also Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D. Tex. 2002). However, this factor is "only part of the equation." *Chretien v. Home Depot, U.S.A., Inc.*, 169 F.Supp.2d 670, 675 (S.D. Tex. 2001) (though place of alleged wrong occurred in Houston Division, court denied motion to transfer venue from

Galveston Division because defendants did not show that the parties or witnesses would be burdened with additional inconvenience).

In this case, the operative facts of the controversy occurred in the Southern District of Texas - the surgical procedure that allegedly injured the plaintiff was performed in Houston; the plaintiff experienced post-operative complications from the surgery while in Houston; the exploratory laporotomy to determine the cause of the plaintiff's post-operative complications was performed in Houston; and plaintiff remained hospitalized after the surgery in an intensive care unit in Houston for an additional three months after surgery before being transferred to Lafayette. As such, this factor weighs in favor of transfer.

### 4. Cost of Obtaining the Attendance of Witnesses & Availability of Compulsory Process

Neither plaintiff nor defendant have asserted that the witnesses to be called in their cases would not be available for trial purposes if this case were tried in Houston or Lafayette. Each party has simply asserted cost, convenience, and difficulty in obtaining witness attendance at trial. Although the Court cannot determine with precision the cost of attending trial for each side's witnesses, it is axiomatic that, depending on where the trial takes place, one side's witnesses will inevitably have a higher cost of attendance than the other because of their respective locations in or near Lafayette and Houston. Therefore, under the facts and circumstances of this case, this factor is neutral.

### 5. Relative Ease of Access to Sources of Proof

The United States maintains that all of the relevant physical evidence is located in Houston since the medical facility where the surgery took place and the medical providers who assisted in the operation are located in Houston. The plaintiff asserts that the sole cause of his damages was the alleged act of medical malpractice, the accidental placement of the stitches in his pancreas during the surgery, which took place at the medical facility in Houston. The plaintiff asserts that his post-operative surgeries and recovery process has continued in Lafayette. As such, there will be evidence and witnesses relevant to his recovery process located in Lafayette. Plaintiff does not dispute that the evidence and witnesses relevant to the alleged act of malpractice are located in Houston. However, his treatment and progress toward recovery since his release from the hospital in Houston have occurred in the Western District of Louisiana. This factor, then, weighs in only slightly in favor of transfer.

### 6. Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has stated that this factor is relevant only in rare and special circumstances and only when such circumstances are established by clear and convincing evidence. *In Re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002). The United States maintains, and the plaintiff does not contest, that there will be no appreciable delay if this matter is transferred to the Southern District of Texas because this suit is in the early stages of litigation. This factor is neutral.

*7. Other Practical Problems That Make the Case's Trial Easy, Expeditious, and Inexpensive*

As the practical problems faced by the parties have previously been addressed in consideration of the other private interest factors for the reasons stated above, this factor weighs against transfer.

### D. Application of the Public Interest Factors

*1. Administrative Difficulties Caused by Court Congestion*

There is no indication, in the record or otherwise, that any administrative difficulties may result from court congestion in either the Western District of Louisiana or the Southern District of Texas. This factor is neutral.

*2. Local Interest in Adjudicating Local Disputes*

In this case, a Louisiana resident is alleging that the United States, through the Veterans Administration, is liable to him for medical malpractice under the Federal Tort Claims Act. The alleged act of malpractice occurred in Houston and was performed by doctors who practice medicine in Houston; therefore, the citizens of Texas arguably have a stronger interest in the adjudication of this controversy than the citizens of Louisiana. As such, this factor favors transfer.

*3. Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty*

Though the alleged act of malpractice occurred in Houston, the citizens of both districts will have some interest in the resolution of this dispute as it involves a United States governmental agency, the Veterans Administration. Accordingly, this factor is neutral.

### 4. Avoidance of Unnecessary Problems in Conflicts of Laws

In accordance with 28 U.S.C. § 1402(b), the plaintiff can prosecute this action either in the judicial district where he resides or where the act or omission occurred. Pursuant to 28 U.S.C. § 1346(b), the plaintiff must also indicate an actionable tort duty recognized under the law of the state where the act or omission allegedly occurred. As the alleged act of medical malpractice occurred in Houston, the medical professional liability law of Texas is applicable and a no conflicts of law issues are present. Therefore, this factor favors transfer.

## III. CONCLUSION

Having balanced the appropriate factors, the Court finds that, though it considers this case to be relatively close, the United States has not sustained its burden of showing that the Southern District of Texas is *clearly* a more convenient forum than the Western District of Louisiana. The Court's decision is made easy in no small part due to the age and continuing medical ailments and treatment of the plaintiff as evidenced by the most current medical records submitted by plaintiff's counsel. As such, the Court will exercise its discretion based on the entirety of the record before the Court and will **DENY** the defendants' motion that this case be transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).